Jim **LATTANZIO**, Plaintiff,

**Galen Institute, LLC**, Plaintiff–Appellant,

v.

**COMTA, Comm. on Massage Therapy Accreditation, Carole Ostendorf** and **American Massage Therapy Assoc., Inc.**, Defendants–Appellees,

**Connecticut Center for Massage Therapy, Inc.**, Defendant.

Docket No. 05–4800–cv.

United States Court of Appeals, Second Circuit.

Submitted: March 7, 2007.

Decided: March 26, 2007.

---

Jim Lattanzio, pro se, Windham, CT, for Plaintiff and Plaintiff–Appellant.

Douglass M. Connors, Wilson Elser Moscowitz Edelman & Dicker LLP, Stamford, CT, for Defendants–Appellees.

Before WINTER, WALKER, and STRAUB, Circuit Judges.

PER CURIAM.

Jim Lattanzio, *pro se*, and Galen Institute LLC ("Galen"), a limited liability company formed pursuant to the laws of Connecticut, seek to reinstate their appeals of a judgment of the District Court for the District of Connecticut dismissing their claims. Because Lattanzio's own appeal is meritless, we deny with prejudice that branch of the motion seeking to reinstate it. Further, because Lattanzio is not an attorney, he cannot represent Galen, notwithstanding that he is Galen's sole member. As a result of that defect in representation, we deny without prejudice that branch of the motion seeking to reinstate Galen's appeal. In order to renew its motion, Galen must obtain counsel and, within 45 days of the entry of this opinion, that counsel must file an amended notice of appeal, a notice of appearance, and renewed motion papers.

Lattanzio, who is the sole member and executive director of Galen but not an attorney, originally filed this action on behalf of himself and Galen. In short, the complaint alleges that defendants improperly refused to accredit Galen as a massage therapy school. After Lattanzio filed

the complaint, Galen obtained counsel to represent its interests.

After a bench trial, the District Court entered judgment in favor of defendants. As to Lattanzio's claims, the District Court found that because Lattanzio had always acted on behalf of Galen, which was a separate entity, Lattanzio lacked "any personal relationship with [defendants] which gives rise to a cause of action in [Lattanzio's] own right." Regarding Galen's claims, the District Court concluded that they failed on the merits.

Lattanzio then filed a *pro se* notice of appeal, listing Galen as the appellant. We dismissed that appeal for failure to comply with our Local Rules. Lattanzio subsequently filed the present motion to reinstate the appeal, asserting that he wished to appeal *pro se*.

■ If we dismiss an appeal for appellate "default," we generally may reinstate it for good cause shown or "where manifest injustice would otherwise result." Fed. R. App. P. 2 advisory committee's note to 1967 adoption; *see Wapnick v. Comm'r of Internal Revenue*, 365 F.3d 131, 132 (2d Cir.2004) (per curiam); *Calloway v. Marvel Entm't Group*, 854 F.2d 1452, 1475 (2d Cir.1988), *rev'd in part on other grounds sub nom Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). Manifest injustice can result when the denial of the motion to reinstate bars an otherwise meritorious claim. *See Calloway*, 854 F.2d at 1475–76 (examining merits of underlying claim).

To the extent that the present motion seeks to reinstate the appeal of Lattanzio's own *pro se* claims, the motion is denied with prejudice because Lattanzio's claims are meritless, and were properly dismissed by the District Court. *See Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir.1999). With regard to Galen's appeal,

we deny the motion without prejudice to renewal because we hold that a sole member limited liability company must be represented by counsel to appear in federal court.

■ We have interpreted 28 U.S.C. § 1654, which governs appearances in federal court, to allow two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991) (internal quotation marks omitted). The statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Id.* (internal quotation marks omitted). The principal rationale for ordinarily requiring representation by a licensed attorney is that

> the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities....

*Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir.1983).

■ This rationale "applies equally to all artificial entities." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Accordingly, a layperson may not represent a separate legal entity such as a corporation. *See, e.g., Eagle Associates*, 926 F.2d at 1308; *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam). We have extended this reasoning

to partnerships and single shareholder corporations, as well as to shareholders who file derivative suits. *See Eagle Associates,* 926 F.2d at 1310 (partnership); *Jones,* 722 F.2d at 23 (single shareholder corporation); *Phillips v. Tobin,* 548 F.2d 408, 415 (2d Cir.1976) (shareholder derivative suits). Further, the Supreme Court has acknowledged that, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland,* 506 U.S. at 202, 113 S.Ct. 716 (footnote omitted).

■ Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, *see Bischoff v. Boar's Head Provisions Co.,* 436 F.Supp.2d 626, 631–32 (S.D.N.Y.2006), a limited liability company also may appear in federal court only through a licensed attorney. Other courts that have addressed this issue have reached similar conclusions. *See, e.g., Gilley v. Shoffner,* 345 F.Supp.2d 563, 566–67 (M.D.N.C.2004); *Kipp v. Royal & Sun Alliance Pers. Ins. Co.,* 209 F.Supp.2d 962, 963 (E.D.Wis.2002).

Further, we see no reason to distinguish between limited liability companies and sole member or solely-owned limited liability companies. Although some courts allow sole proprietorships to proceed *pro se, see generally National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 610 (11th Cir. 1984), a sole proprietorship has no legal existence apart from its owner, *see United States v. Fox,* 721 F.2d 32, 36 (2d Cir. 1983). Unlike a sole proprietorship, a sole member limited liability company is a distinct legal entity that is separate from its owner. For example, in Connecticut, a limited liability company has the power to sue or be sued in its own name. CONN. GEN.STAT. §§ 34–124(b), 34–186.

Moreover, in refusing to distinguish between a single shareholder corporation and a multi-shareholder corporation, we have reasoned that

[t]o allow [the lay individual] to appear *pro se* in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [The lay individual] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims.

*Jones,* 722 F.2d at 23 (quoting *Mercu–Ray Indus., Inc. v. Bristol–Myers Co.,* 392 F.Supp. 16, 20 (S.D.N.Y.), *aff'd,* 508 F.2d 837 (2d Cir.1974)). Similarly, a sole member of a limited liability company must bear the burdens that accompany the benefits of the corporate form and may appear in federal court only through a licensed attorney.

Accordingly, to the extent that the motion seeks to reinstate Galen's appeal, we DENY it WITHOUT PREJUDICE to renewal after Galen obtains a licensed attorney to represent it. If Galen obtains counsel, counsel must file, within 45 days of the entry of this opinion, an amended notice of appeal and a notice of appearance, along with the renewed motion. To the extent that the motion seeks to reinstate Lattanzio's appeal, we DENY it WITH PREJUDICE.