In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2670

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DERRIK HAGERMAN and WABASH ENVIRONMENTAL
TECHNOLOGIES, LLC,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 06-0139-CR-02—**David F. Hamilton**, *Chief Judge*.

SUBMITTED SEPTEMBER 5, 2008—DECIDED SEPTEMBER 26, 2008

Before BAUER, CUDAHY, and POSNER, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendants were convicted of criminal violations of the Clean Water Act, and Wabash was ordered to pay $250,000 in restitution to a federal Superfund account and was placed on probation (18 U.S.C. § 3563) for five years. Corporate probation has been called "a flexible vehicle for imposing a wide range of sanctions having the common feature of continued judicial control over aspects of corporate conduct." Richard

Gruner, "To Let the Punishment Fit the Organization: Sanctioning Corporate Offenders Through Corporate Probation," 16 *Am. J. Crim. L.* 1, 3 (1988); see also *id*. at 4-6. The government, contending that Wabash had violated the conditions of probation by refusing to begin paying the restitution (and a $4,000 special assessment), that had been ordered, petitioned the district court for relief, as authorized by 18 U.S.C. § 3563(c). The court dismissed the petition after the government and Wabash resolved their differences by Wabash's agreeing to start paying restitution and to furnish specified information concerning the company's finances. Nevertheless, Wabash has filed an appeal to this court from the order of dismissal, as has its codefendant, Hagerman.

Hagerman's appeal must be dismissed because he was not a party to the probation-violation proceeding and no order naming him was entered. Wabash's appeal must also be dismissed, apart from doubts that Wabash was aggrieved by the dismissal of the probation-violation proceeding. Wabash has no lawyer in this court (it was represented in the district court by a lawyer who has since withdrawn). Hagerman, who is not a lawyer, claims the right to represent Wabash because he "is not only a major stockholder [presumably he means 'member,' since Wabash is an LLC, not a corporation] but is [also the] current President of [Wabash]." And it was Hagerman who filed this appeal on behalf of Wabash as well as himself. He complains about the deal that Wabash struck with the government, making this like an appeal by a party that agrees to a settlement but later thinks better of his decision and tries to get the appellate court to rescind it.

A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). A limited liability company is not a corporation, but it is like one in being distinct from a natural person. "Limited liability companies are a 'relatively new business structure allowed by state statute,' having some features of corporations and some features of partnerships . . . . For example, 'similar to a corporation, owners have limited personal liability for the debts and actions of the LLC' . . . . 'Other features of LLCs are more like a partnership, providing management flexibility', . . . and in some cases affording 'the benefit of pass-through taxation.'" *McNamee v. Department of the Treasury*, 488 F.3d 100, 107 (2d Cir. 2007) (citations omitted).

We have not had occasion to rule on whether, like a corporation, an LLC can litigate only if represented by a lawyer. We can find only one appellate decision directly on point: *Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) (per curiam), held that an LLC can sue only if represented by a lawyer, even if as in that case (and possibly in this one, though when Wabash was created eight years ago it had two other members) the LLC has only one member. The same result, as noted in *Lattanzio*, has been reached in cases involving one-man corporations, not only our *Scandia Down* case but also *United States v. High Country Broadcasting Co.*, 3 F.3d 1244 (9th Cir. 1993) (per curiam); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609-10 (11th Cir. 1984), and

*Capital Group, Inc. v. Gaston & Snow*, 768 F. Supp. 264 (E.D. Wis. 1991). A sole proprietorship may litigate pro se, *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n. 4 (4th Cir. 2007); *Lattanzio v. COMTA, supra*, 481 F.3d at 140; *Lowery v. Hoffman*, 188 F.R.D. 651, 653-54 (M.D.Ala. 1999), because it has no legal identity separate from the proprietor himself. But a partnership may not, *Lattanzio v. COMTA, supra*, 481 F.3d at 139-40; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1309-10 (2d Cir. 1991); *New Hampshire v. Settle*, 523 A.2d 124, 129 (N.H. 1987); *First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207 (N.D. Ill. 1983); contra, *United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970) (pungently criticized in the *Settle* case); and as we said, an LLC is a cross between a corporation and a partnership.

An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a pro se basis. *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992) ("most litigants who sue without a lawyer do so because they cannot afford one"); *DiAngelo v. Illinois Dept. of Public Aid*, 891 F.2d 1260, 1264 (7th Cir. 1989) (concurring opinion) ("there will always be cases where the stakes are so low, the plaintiff so reprehensible, or the cause so unpopular that . . . the case will proceed without the participation of counsel"). There are many small corporations and corporation substitutes such as limited liability companies. But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners

for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary, e.g., *Lattanzio v. COMTA, supra*, 481 F.3d at 139; *Capital Group, Inc. v. Gaston & Snow, supra*, 768 F. Supp. at 265, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits. *Lattanzio v. COMTA, supra*, 481 F.3d at 140. From that standpoint there is no difference between a corporation and a limited liability company, or indeed between either and a partnership, which although it does not provide its owners with limited liability confers other privileges, relating primarily to ease of formation and dissolution. That is why the privilege of pro se representation is, as we noted, denied to partnerships too.

The appeals are

DISMISSED.