10-4620-bk
Bongiovanni, Jr. v. Grubin

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of December, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

SEBASTIAN BONGIOVANNI, JR., on behalf of

Mildred Bongiovanni,

> *Plaintiff-Appellant,*

-v.-                                                                              10-4620-bk

JANICE GRUBIN, Trustee,
> *Defendant-Appellee,*

OFFICE OF THE U.S. TRUSTEE,
> *Defendant.*

---

**FOR APPELLANT:**          MILDRED BONGIOVANNI, *pro se*, Brooklyn, NY.

**FOR APPELLEE:**          GARY R. VON STANGE, Von Stange Law, PLC, Burlington, VT.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*; Jerome Feller, *Bankruptcy Judge*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Mildred Bongiovanni ("Appellant"), *pro se*, appeals from a judgment of the District Court affirming the Bankruptcy Court's July 30, 2008 decision denying Appellant's motion for damages against the Trustee, and its August 26, 2008 decision denying Appellant's motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Initially, we note that Sebastian Bongiovanni, Jr., who is neither a party to the appeal nor an attorney, was permitted, by leave of court, to represent his mother, Mildred Bongiovanni, at oral argument. We remind Sebastian Bongiovanni, Jr., that he was arguably engaged in the unauthorized practice of law, and is not permitted to assert claims on his mother's behalf. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself." (citing 28 U.S.C. § 1654)); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).

Regarding the merits of the appeal, an order of a district court affirming a decision of a bankruptcy court is subject to plenary review. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004). Therefore, we review the District Court's conclusions of law *de novo* and its factual findings for clear error only. *Id.*; *see also In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005) ("In an appeal from a district court's review of a bankruptcy court decision, [this Court] review[s] the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." (internal quotation marks omitted)).

Upon this review, we reject Appellant's claim that the notice procedure in the bankruptcy court deprived her of due process. In bankruptcy proceedings, due process requires an "opportunity to be heard," which is accomplished by "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995) (internal quotation marks omitted).[1] The record establishes that the late Sebastian Bongiovanni, Sr., represented himself as the sole shareholder in the debtor corporations at all times during the bankruptcy proceedings, and that the Trustee took steps to verify his ownership of the corporations and had no cause to doubt that he was the sole owner. Further, the Trustee gave adequate notice of the proceedings to all known interested parties, and the sale of the properties that constituted the bankruptcy estate was widely advertised, giving sufficient notice, under the circumstances, to all unknown parties.

---

[1] We recognize that *Medaglia* involved creditors, not shareholders. *See In re Medaglia*, 52 F.3d 451, 452 (2d Cir. 1995). We assume *arguendo* that due process requires notice to shareholders and that the requirements of such notice are the same as that required for creditors in similar contexts.

We also note that, even if the Trustee had violated Appellant's due process rights, Appellant would not be entitled to damages. Appellant's claim for damages was based only on conjecture that an earlier sale of the properties would have netted enough money to allow the shareholders to recover. *See Grace v. Corbis-Sygma*, 487 F.3d 113, 119 (2d Cir. 2007) (an award for damages should not be based on "speculation or guesswork" (internal quotation mark omitted)).

## *CONCLUSION*

We have considered Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3