BLD-115                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2631
_____

KEITH DOUGHERTY; DOCSON CONSULTING LLC
(a single member LLC); KEITH DOUGHERTY INSURANCE AND
CONSULTING (sole proprietor); JEAN BRADY (Partner);
KENNETH BRADY, 1099 Misc employee president of CUC of MD Inc.,

Appellants

v.

JONATHAN SNYDER, individually and in his official capacity as BCO and Zoning
Enforcement Officer; DUSTIN GROVE, individually and in his official capacity as
Board Member; WILLIAM TOLLINGER, individually and in his official capacity as
Board Member; ROBERT BARCLAY, individually and in his official capacity as Board
Member; KERRIE EBAUGH, individually and in her official capacity as Township
Secretary/Treasurer; STEPHEN LINEBAUGH, individually and in his official capacity
as presiding Judge; PAMELA S. LEE, individually and in her official capacity as Civil
Prothonotary; J. ROBERT CHUCK, Individually and in his official capacity as Court
Administrator; JOHN DOE(s) individually and in their official capacity as authors of Per
Curiam opinions 553 CD 2007, 317 MD 2007, 1450 CD 2008, 629 CD 2009, 1200 CCD
2009; NORTH HOPEWELL TOWNSHIP; UNNAMED INSURANCE CARRIERS;
DARELL N. VANORMER, JR.; MELANIE R. BRADY; JOSEPH C. ADAMS;
DARRELL N. VANORMER, JR.; CHIEF INSPECTOR MICHAEL GENSEMER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-01071)
District Judge:  Honorable William W. Caldwell
_____

Submitted on Motions for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 Filed By Appellees
J. Robert Chuck, John Doe(s), Honorable Stephen P.
Linebaugh, Darrell N. VanOrmer, Jr., and Jonathan Snyder

February 16, 2012

Before: SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 21, 2012)

_____

OPINION

_____

PER CURIAM

On December 2, 2011, we granted the motion for summary affirmance filed by defendants/appellees Dustin Grove, William Tollinger, Robert Barclay, Kerrie Ebaugh and North Hopewell Township. Those defendants argued that summary affirmance was appropriate as to all other defendants as well. Three more groups of defendants have since filed their own motions for summary affirmance. The motion filed by defendant Darrell N. VanOrmer, Jr., also requests that we summarily affirm the District Court's judgment in its entirety. Appellant Keith Dougherty has filed numerous responses to all of these motions.

On consideration of the parties' filings, we agree that summary affirmance of the District Court's judgment is appropriate as to all defendants. Accordingly, we will now affirm the judgment of the District Court in its entirety. We do so primarily for the reasons thoroughly and adequately explained by the District Court in its relevant orders and opinions, including those entered November 5, 2010 (dismissing claims of unrepresented plaintiffs), May 16, 2011 (dismissing the amended complaint), and July 12, 2011 (denying reconsideration).

We write to address only one issue. Appellant Keith Dougherty, who is not a

lawyer, purported to assert claims pro se on behalf of his single-member Pennsylvania limited liability company, Docson Consulting LLC ("Docson Consulting"). The District Court dismissed those claims on November 5, 2010, on the ground that Docson Consulting must be represented by counsel in federal court. Dougherty once again purports to represent Docson Consulting pro se on appeal. On August 5, 2011, we issued an order provisionally permitting him to file briefs on Docson Consulting's behalf but reserving decision on whether he may properly represent Docson Consulting in this appeal (and thus on whether he should have been permitted to do so in the District Court). We now conclude that he may not.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993); see also Simbraw, Inc. v. United States, 367 F.2d 373, 373-74 (3d Cir. 1966) (so holding). The same applies to LLCs, even those with only a single member, because even single-member LLCs have a legal identity separate from their members. See United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007).

Dougherty argues that such is not the case here because he asked the Internal Revenue Service to disregard Docson Consulting's separate legal identity for federal tax purposes. That issue is not determinative. "[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." Hagerman, 545 F.3d at 581-82.

3

Dougherty, not surprisingly, has not argued that Docson Consulting's federal tax election has divested him of the limited personal liability otherwise afforded by Pennsylvania law. See generally 15 Pa. Cons. Stat. § 8922. Docson Consulting remains a separate legal entity, and thus must be represented by counsel. Dougherty's numerous filings and many of his other arguments—such as his argument that Rowland is "[c]learly the worst decision in the modern era"—serve only to demonstrate the wisdom of that requirement.

For these reasons, we will dismiss the appeal of Docson Consulting and will otherwise affirm the judgment of the District Court. Dougherty has filed a number of motions directed at our order of December 2 summarily affirming in part. To the extent that those motions seek reconsideration of the order, they are denied. To the extent that they seek rehearing of the order, they are premature and no action will be taken on them. If Dougherty wishes, he may seek rehearing of our final judgment in accordance with the applicable rules. Dougherty's other requests, including his unwarranted requests for sanctions and a default judgment, are denied as well.