10-4755-cv
Armatas v. Maroulleti

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of May, two thousand twelve.

PRESENT:
      RALPH K. WINTER,
      JOSEPH M. McLAUGHLIN,
      DENNY CHIN,
         *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - -x

PANAGIOTIS ARMATAS, as an individual and as parent and guardian of Alexander Armatas and Evagelos,
        *Plaintiff-Appellant*,

    -v.-                        10-4755-cv

ELENA MAROULLETI (Individually), THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, Police Officers JOHN DOES and JANE DOES (the last two names being fictious, and who are employees of the New York City Police Department who are not yet identified), ERIC CHRISTOPHERSEN, ROBERT EDWIN, STEPHEN BORCHERS, ALVIN GOMEZ, SGT. GOETZ, CAREY ALPERT,
        *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      PANAGIOTIS ARMATAS, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE
ELENA MAROULLETI:      ALAN KESTENBAUM, Weil & Kestenbaum, Bayside, New York.

FOR DEFENDANTS-APPELLEES THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS JOHN DOES AND JANE DOES, ERIC CHRISTOPHERSEN, ROBERT EDWIN, STEPHEN BORCHERS, ALVIN GOMEZ, SGT. GOETZ, AND CAREY ALPERT:

Kristin M. Helmers, Norman Corenthal, *of counsel*, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as to the claims brought by Panagiotis Armatas on his own behalf. Decision is **DEFERRED** as to the claims brought by Armatas on behalf of his minor children pending the appearance of counsel representing those children.

Plaintiff-Appellant Panagiotis Armatas, proceeding *pro se* on behalf of himself and his minor children, appeals from an award of summary judgment in favor of the Appellees in this action brought pursuant to 42 U.S.C. § 1983 and state law. In an October 22, 2010, order, the district court adopted in part Magistrate Judge Reyes's report and recommendation of October 19, 2010, and granted defendants' motions for summary judgment in part and dismissed the remainder of Armatas's claims for lack of subject matter jurisdiction. Judgment dismissing the complaint was entered on October 22, 2010. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**I. Claims Brought by Armatas on His Own Behalf**

We review orders granting summary judgment *de novo*, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citation and internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon *de novo* review of the record in light of these principles, we affirm the district court's grant of summary judgment to the defendants for substantially the reasons stated by the magistrate judge in his October 19, 2010, report and recommendation and the district court in its October 22, 2010, order accepting that report and recommendation in part.

**II. Claims Brought by Armatas on Behalf of His Minor Children**

Armatas is a non-attorney proceeding *pro se*, purporting to represent his minor children on this appeal.[1] Accordingly, we

---

[1] In the district court, both Armatas and the children were represented by counsel.

3

must determine whether we may consider the merits of this prong of the appeal.  Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves," *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation and internal quotation marks omitted).  We have held that non-lawyer parents do not have the right to represent their children in appellate proceedings before this Court.  *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 286 (2d Cir. 2005) ("[O]ur cases prohibiting non-lawyer parents from representing their children apply to appeals to this Court . . . ."); *see also Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (A "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

Accordingly, we are not permitted to hear the claims on appeal brought on behalf of Armatas's minor children "unless and until [the children are] represented by counsel."  *Tindall*, 414 F.3d at 286.  Although it "does not appear . . . on the face of the claims brought on behalf of [the minor children] that the appeal with respect to those claims is of likely merit," *id.*, we will defer consideration of those claims for forty-five days pending the possible appearance of counsel to represent the children, *see id.*  In the interest of judicial economy, any future proceedings on appeal will be assigned to this panel.  If counsel does not appear within forty-five days, the Clerk is directed to enter an order dismissing those claims on appeal for want of such counsel.

We have considered all of Armatas's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court insofar as it dismissed and granted summary judgment to Appellees on the claims brought on Armatas's behalf.  Consistent with our reasoning above, we **DEFER** consideration of the claims brought on behalf of Armatas's minor children for forty-five days pending the appearance of counsel to represent the children.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk