**ELD-027**                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4378
_____

R. MICHAEL BEST; MARYLAND CLOSE CORP, (S Corp)
(Director) of Ken & Jim CUC Inc. Wholly owned subsidiary
of CUC of MD Inc.; DOCSON CONSULTING LLC, (SMLLC);
KEITH DOUGHERTY, President/Secretary of CUC of MD Inc.

v.

US FOODS INC DELAWARE DIVISION; CLUCK U CORP;
J. P. HADDAD; RICHARD DANIELS; CUMBERLAND
COUNTY SHERIFF'S DEPARTMENT; CUMBERLAND
COUNTY PROTHONOTARY; PRESIDENT JUDGE HESS,
Cumberland County Common Pleas; JUDGE BRATTON, Dauphin County
Common Pleas; ROBERT KODAK; CURTIS PROPERTY MANAGEMENT

Keith Dougherty,

Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-14-cv-00922)
District Judge:  Honorable J. Frederick Motz
_____

Submitted for Possible Dismissal Under
28 U.S.C. § 1915(e)(2)(B) and for Possible Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2015

Before: RENDELL, SLOVITER and GREENBERG, <u>Circuit Judges</u>

(Opinion filed: May 20, 2015)

_____

OPINION[*]

_____

PER CURIAM

Keith Dougherty appeals from the order of the District Court denying reconsideration of its dismissal of his complaint. We will affirm.

I.

At issue here is another of Dougherty's pro se complaints. This time, Dougherty filed suit along with pro se plaintiff R. Michael Best and also purported to name as plaintiffs various entities which were not represented by counsel, including Dougherty's company Docson Consulting LLC ("Docson"). The complaint asserts purported federal claims against ten defendants, including parties with whom Dougherty has been involved in litigation in the past, their lawyers, and state-court judges who have presided over that litigation. As with many of Dougherty's filings, the complaint is largely unintelligible. All defendants filed motions to dismiss the complaint on that ground and others, and the District Court dismissed it with prejudice. The District Court later denied a series of plaintiffs' post-judgment motions, including their motion for reconsideration and to disqualify the District Judge, and Dougherty alone appeals from those rulings.[1]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction under 28 U.S.C. § 1291. Dougherty's appeal from the order denying reconsideration brings up for review the underlying order dismissing the amended complaint. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012). We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6)

2

II.

The District Court did not identify Dougherty's potential claims but, having done so ourselves, we agree that the complaint states no conceivably plausible claim as to Dougherty and are satisfied that amendment would be futile. By way of further background, Cluck U Corporation (one of the defendants here) obtained a judgment against Dougherty's company Docson in Maryland state court during a fast-food franchise dispute and transferred the judgment to Dauphin County, Pennsylvania, for execution. Dougherty purported to remove the collection action to federal court pro se, but the District Court remanded it and we dismissed Dougherty's appeal from that order for lack of jurisdiction. (C.A. No. 11-3598, Dec. 14, 2011.)[2]

The complaint at issue here appears to allege that related defendants are seeking to collect a judgment against plaintiff Best arising from the same dispute. The complaint alleges that certain defendants fraudulently obtained the judgment on the basis of a debt that Best does not owe because a deal for his purchase of a fast-food franchise fell through. The complaint further alleges that two state-court judges have interfered

---

and ask whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (quotation marks omitted). In doing so, we may review certain documents attached to the complaint. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). We review the District Court's denial of the disqualification motion for abuse of discretion. See United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013), cert. denied, 134 S. Ct. 1491 (2014).

[2] Dougherty also has repeatedly attempted to litigate this underlying dispute in other federal courts. See, e.g., Cluck-U, Corp. v. Dougherty ex rel. Docson Consulting LLC, 538 F. App'x 312 (4th Cir. 2013); In re Dougherty, 408 F. App'x 692 (4th Cir. 2011).

3

with the right of one Larry Runk II (not a party here) to assign automobile insurance and legal and medical malpractice claims to Dougherty in apparently unrelated matters. (The purported assignment of Runk's insurance claim is at issue in the appeal at C.A. No. 15-1271, which we are addressing in a separate opinion.)

On the basis of these allegations, the complaint asserts essentially three claims. First, the complaint asserts that all defendants have conspired to unlawfully seize personal property, and it seeks $300,000 in "proceeds" of the voided sale to plaintiff Best. Second, the complaint alleges that all defendants have conspired to deny the alleged right of Dougherty's entities and other individuals (apparently Best and Runk) to be represented by Dougherty pro se in state court. Finally, the complaint seeks an injunction preventing state-court judges from "invalidating" Runk's purportedly lawful assignment of his claims to Dougherty.

The complaint contains no factual allegations remotely suggesting that Dougherty's claims may be plausible. The first two claims appear to assert the interests only of plaintiff Best and other parties who have not appealed and contain nothing suggesting that Dougherty himself has an Article III stake in the outcome of Best's apparent dispute. Plaintiffs attached to the complaint an agreement between Dougherty and Best under which Dougherty appears to have purchased Best's alleged claim and agreed to represent his interests. (ECF No. 1-1 at 21-23.) That agreement is substantially the same as the agreement between Dougherty and Runk that we address in C.A. Nos. 15-1123 and 15-1271, and our observations in those appeals regarding champerty and Dougherty's apparent unauthorized practice of law apply in this case as well. The

4

complaint also appears to once again challenge execution proceedings against Docson and to assert Docson's alleged right to Dougherty's pro se representation in state court, but we need not address that issue because Docson has not appealed either.[3]

As for the third claim, and as the District Court noted, Dougherty's demand for monetary damages against state-court judges and their staff is barred by judicial immunity. See Semper v. Gomez, 747 F.3d 229, 250 (3d Cir. 2014); Capogrosso, 588 F.3d at 184. Dougherty's express request for an injunction to overturn apparently unfavorable (but unspecified) state-court decisions that Dougherty alleges have injured him is barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005) (applying Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983)).

Finally, we discern no abuse of discretion in the District Judge's denial of Dougherty's motion for disqualification. Dougherty relies on the District Court's rulings against him and its repetition of our previous observation that he is a "vexatious litigant," but those circumstances do not display actual or apparent partiality. See, e.g., Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir. 2013) (holding that references to a "silly case" and a "patently frivolous" motion were "patently insufficient to support a claim of bias").

---

[3] We previously held that Dougherty is not permitted to represent Docson pro se in federal court. See Dougherty v. Snyder, 469 F. App'x 71, 72-73 (3d Cir. 2012) (per curiam) (citing, inter alia, Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993), and Simbraw, Inc. v. United States, 367 F.2d 373, 373-74 (3d Cir. 1966)). Dougherty argues that Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751 (2014), has abrogated Rowland and Simbraw. We need not and do not decide that issue because Docson has not appealed and Dougherty has not purported to appeal on its behalf pro se.

5

III.

For these reasons, we will affirm the judgment of the District Court. Dougherty's motion for reconsideration of the Clerk's Order entered December 29, 2014, is granted only to the extent that we have reviewed and considered Dougherty's state-court document titled "concise statement," on which the Clerk properly advised Dougherty that no action would be taken. Dougherty's motions pending in this Court are otherwise denied.