DLD-288                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1780
_____

KEITH DOUGHERTY; DOCSON CONSULTING LLC,
(a single member LLC); KEITH DOUGHERTY INSURANCE
AND CONSULTING, (Sole Proprietor); JEAN BRADY, (partner);
KENNETH BRADY, 1099 Misc. employee president of CUC of MD Inc.

v.

JONATHAN SNYDER, individually and in his official capacity as BCO
and Zoning Enforcement Officer; DUSTIN GROVE, individually and in his
official capacity as Board Member; WILLIAM TOLLINGER Individually
and in his official capacity as Board Member; ROBERT BARCLAY, individually
and in his official capacity as Board Member; KERRIE EBAUGH, individually and
in her official capacity as Township Secretary/Treasurer; STEPHEN LINEBAUGH,
Individually and in his official capacity as presiding Judge; PAMELA LEE, individually
and in her official capacity as Civil Prothonotary; J. ROBERT CHUCK, Individually and
in his official capacity as Court Administrator; JOHN DOE(s), Individually and in their
official capacity as authors of Per Curiam opinions 553 CD 2007, 317 MD 2007, 1450
CD 2008, 629 CD 2009, 1200 CCD 2009; TOWNSHIP OF NORTH HOPEWELL;
UNNAMED INSURANCE CARRIERS; DARRELL N. VANORMER, JR., MELANIE
R. BRADY; JOSEPH C. ADAMS; CHIEF INSPECTOR MICHAEL GENSEMER

KEITH DOUGHERTY,
                                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-10-cv-01071)
District Judge: Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)

or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2015

Before: FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2015)
_____

OPINION[*]
_____

PER CURIAM

Keith Dougherty appeals from the orders of the District Court denying certain of his post-judgment motions. We will affirm.

Dougherty filed this civil action asserting various claims arising from an allegedly unconsummated real estate development deal. He named as plaintiffs and purported to represent pro se several other individuals and entities, including Docson Consulting LLC ("Docson Consulting"), a single-member LLC of which he was the owner. The District Court dismissed Docson Consulting as a plaintiff because it was not represented by counsel. When Dougherty later appealed from the District Court's ultimate dismissal of the action as a whole, we summarily affirmed that ruling. <u>See</u> <u>Dougherty v. Snyder</u>, 469 F. App'x 71 (3d Cir. 2012). In particular, we agreed with the District Court that even single-member LLCs, like corporations, may appear in federal court only through counsel. <u>See</u> <u>id.</u> at 72 (citing, inter alia, <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

201-02 (1993); United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008);

Simbraw, Inc. v. United States, 367 F.2d 373, 373-74 (3d Cir. 1966)).

Following further proceedings that we need not summarize here, see, e.g., In re

Dougherty, 563 F. App'x 96 (3d Cir.), cert. denied, 135 S. Ct. 426 (2014), Dougherty

filed a motion in the District Court seeking to reopen its dismissal of his and Docson

Consulting's claims. The District Court denied the motion, and Dougherty filed a motion

for reconsideration and to disqualify the District Judge. The District Court denied those

motions by separate orders entered February 26, 2015, and Dougherty appeals.[1]

The District Court did not abuse its discretion in denying either Dougherty's Rule

60(b)(6) motion or his motion for reconsideration of that ruling. Reopening under Rule

60(b)(6) is warranted "only in extraordinary circumstances where, without such relief, an

extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 120 (3d Cir.

2014) (quotation marks omitted), cert. denied, 135 S. Ct. 1548 (2015). Dougherty raised

---

[1] We review the denial of Rule 60(b)(6) and Rule 59(e) motions for abuse of discretion, though we review underlying legal issues de novo. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). We review the denial of a motion to disqualify the District Judge for abuse of discretion as well. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). The District Court did not abuse its discretion in denying Dougherty's disqualification motion for reasons that do not require extended discussion. Both we and several District Courts repeatedly have advised Dougherty that mere disagreement with a judge's legal rulings is not a ground for that judge's disqualification, see Liteky v. United States, 510 U.S. 540, 555 (1994), and Dougherty has alleged nothing more than that here.

two circumstances potentially warranting reopening, but the District Court did not abuse its discretion in concluding that neither circumstance sufficed.[2]

First, Dougherty argued that Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751 (2014), has abrogated the decisions in Rowland and Simbraw on which we previously relied. The District Court properly rejected that argument. A change in controlling precedent might state a basis for Rule 60(b)(6) relief (if only rarely), see Cox, 757 F.3d at 121, but Hobby Lobby does not represent a change in controlling precedent. In Rowland, the Court explained that "[i]t has been the law for the better part of two centuries . . . that a corporation [and other artificial entities] may appear in the federal courts only through licensed counsel." Rowland, 506 U.S. at 201-02 (citing, inter alia, Simbraw and 28 U.S.C. § 1654). Hobby Lobby did not address, let alone disturb, that long-standing principle. Instead, Hobby Lobby held that a closely held, for-profit corporation (which of course was represented by counsel in that case) could invoke the protection of the Religious Freedom Restoration Act ("RFRA"). See Hobby Lobby, 134 S. Ct. at 2767-75. Neither that holding nor any of the Court's analysis in reaching it calls Rowland or Simbraw into question.[3]

---

[2] Dougherty raised other arguments in his motions, but none of them related to Docson Consulting or the grounds on which the District Court dismissed his claims.

[3] Dougherty also argues that Internal Revenue Service form W-9, as revised in December 2014, supports his position because it includes a single box to check for an "Individual/ sole proprietor or single-member LLC." Dougherty does not explain the purported significance of this point and, as we previously recognized, tax treatment of LLCs is not

4

Second, Dougherty argued that the factual circumstances have changed because Docson Consulting now has assigned all of its claims to him. As support, Dougherty attached a letter from the Pennsylvania Securities Commission stating that Docson Consulting's registration was terminated as of December 31, 2014, because Dougherty failed to renew it. (ECF No. 216-1 at 1.) This document does not evidence any assignment of claims from Docson Consulting to Dougherty and, even if it did, the District Court properly concluded that that circumstance would not warrant reopening. Dougherty and Docson Consulting could have effected the alleged assignment long ago. Instead, and as the District Court explained, Dougherty took the position throughout this litigation that he was entitled to litigate Docson Consulting's claims pro se. It is hardly an extraordinary circumstance presenting an extreme and unexpected hardship that Docson Consulting and Dougherty should later effect an alleged assignment in an attempt to avoid the consequences after Dougherty's litigation strategy proved unsuccessful.

For these reasons, we will affirm the judgment of the District Court. Appellee John Snyder's motion for summary affirmance in granted. Dougherty's motions filed in this Court, which once again rely primarily on arguments that we already have rejected, are denied.

_____

determinative of the manner in which they may appear in federal court. See Dougherty, 469 F. App'x at 72-73 (citing Hagerman, 545 F.3d at 581-82).