NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017[*]
Decided March 15, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3511

| | |
|---|---|
| SHELDON DROBNY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 1912 |
| RANDALL J. LANHAM, et al., *Defendants-Appellees.* | Amy J. St. Eve, *Judge.* |

## O R D E R

In an Illinois federal court, Sheldon Drobny sued Randall Lanham and M. Richard Cutler, both out-of-state attorneys, for their conduct during the second of two corporate mergers. The attorneys moved to dismiss the suit for lack of personal jurisdiction, and the district court granted the motion. It reasoned that Drobny did not allege that his injuries arose from any of the attorneys' forum-related activities. On

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

appeal Drobny argues that the district court erred because, he says, his emails and telephone calls from Illinois to the attorneys, mentioned in his complaint, establish personal jurisdiction. We disagree and affirm the judgment because none of "the defendant[s'] conduct connects [them] to the forum in a meaningful way." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).

The first merger involved a public company in Illinois called Xformity Technologies, Inc., which Drobny owned. Lanham, a California attorney, asked Drobny about merging Xformity with Gold Star North American Mining, Inc., a private Colorado corporation that Lanham represented. In exchange for cash from Gold Star, Drobny agreed to the merger.

The second merger, which is the basis of this suit, occurred after Gold Star did not deliver all the agreed-upon cash. To rectify the shortfall, Gold Star promised another merger. It agreed to merge with a different company, and the resulting corporation, Clearwave Telecommunications, Inc., based in Colorado, would pay Drobny the remaining money. According to Drobny, Lanham and Cutler, a Texas attorney, drafted the agreements and conducted due diligence for this second merger. Clearwave never delivered any money to Drobny.

Drobny sued Clearwave, Lanham, and Cutler in the Northern District of Illinois. He alleged that the attorneys breached their fiduciary duties, committed malpractice, and were grossly negligent in their work on the second merger because they should have known that Clearwave had no assets and therefore could not pay him. He also argued that the district court had personal jurisdiction over the lawyers because he had communicated by email and telephone with Lanham and Cutler over 14 months. (He attached to his complaint a log of email correspondence with the defendants.) The attorneys moved to dismiss for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). They declared that they never conducted business in Illinois after the first merger. Drobny did not dispute this, and the district court granted the motion. It concluded that it did not have general jurisdiction over the out-of-state attorneys because they were not "at home" in Illinois, and it did not have specific jurisdiction because none of the alleged torts during the second merger occurred in Illinois. The court also dismissed Clearwave for lack of service, a decision that Drobny does not challenge.

On appeal Drobny argues that the district court erred in concluding that it lacked specific personal jurisdiction over the attorneys. He contends that Lanham and Cutler purposefully directed their conduct at Illinois through their telephone and email

communications with him. He explains that he corresponded with them to try "to correct" their botched legal work on the second merger. Drobny also says that he is suing the attorneys in his individual capacity and derivatively on behalf of Clearwave. But he may not bring a derivative action pro se. S*ee Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). We thus focus only on his potential personal claims.

The district court correctly ruled that it lacked specific personal jurisdiction over Lanham and Cutler. Specific personal jurisdiction requires that the lawyers either purposefully availed themselves of benefits of Illinois law or that they directed their activities at Illinois *and* Drobny's claims arose from those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 475 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Drobny did not allege facts to support specific personal jurisdiction. First, he did not contend that the lawyers availed themselves of benefits of Illinois law. Second, Drobny did not allege that in committing their purported torts during the second merger, the defendants had any contact with Illinois. Drobny narrates contacts that he initiated with the lawyers. Some concern the first merger; others occurred after the events that give rise to this litigation. And none concerns any effort by the lawyers to conduct business in Illinois concerning the second merger. *Walden* requires analysis of contacts between the defendants and the forum, not contacts between the plaintiff and the forum, or between the plaintiff and the defendants. Because the lawyers "formed no jurisdictionally relevant contacts" with Illinois during the second merger, Drobny has not identified a basis for specific personal jurisdiction over Lanham and Cutler. *Walden,* 134 S. Ct. at 1124–25.

A final matter. Drobny challenges the district court's denial of his motion to recruit counsel because, based on his $16,000 in annual income, he argues that he is "unable to afford legal counsel." 28 U.S.C. § 1915(e)(1). The district court denied his motion because it found that he was not indigent—his income was several thousand dollars above the poverty line established by the Department of Health and Human Services. We uphold the district court's discretionary denial of Drobny's motion for recruited counsel on another ground. We have no reason to conclude that recruited counsel would have affected this case's outcome because an attorney could not change Drobny's own account of the defendants' out-of-Illinois activities. *See Tidwell v. Hicks*, 791 F.3d 704, 709 (7th Cir. 2015).

The judgment of the district court is AFFIRMED.