**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2708
_____

JACK A. SHULMAN d/b/a ADVANCES MAGAZINE and individually;
JOHN DOES 1-10000

v.

FACEBOOK.COM (Inc.); CNN (CABLE NEWS NETWORK);
PBS (PUBLIC BROADCASTING SERVING); NPR (NATIONAL PUBLIC RADIO);
NEWSHOUR PRODUCTIONS, LLC; JOHN DOE COMPANIES (1-50)

Jack A. Shulman; Advances Magazine,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:17-cv-00764)
District Judge:  Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2019

Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: October 11, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Plaintiff-appellant Jack Shulman sued CNN, NPR, PBS ("the Media Defendants") and Facebook, claiming that they all had a hand in violating his First Amendment rights to free speech and peaceable assembly.  Shulman's access to Facebook was allegedly restricted after he mounted a spirited online defense of certain comments made by presidential advisor Kellyanne Conway, in response to what Shulman perceived to be a smear campaign by the Media Defendants against Conway.

The District Court granted motions to dismiss Shulman's first amended complaint, under Fed. R. Civ. P. 12(b)(6), primarily because none of the defendants (the Media Defendants; Facebook; and an intervening party—NewsHour Productions) is a state actor subject to civil rights liability under 42 U.S.C. § 1983.  In addition, the District Court denied Shulman's motions for sanctions and summary judgment.

Shulman was given leave to amend. See ECF 79 at 13 (District Court: "[W]hile the Court is dubious about whether Plaintiff can file a second amended complaint with plausible allegations, . . . he is proceeding *pro se*").  He took that opportunity to craft an entirely new case against the defendants on behalf of "Advances Magazine," a tradename used by Shulman for his social media publishing pursuits.  Shulman's working theory of the case is that the defendants have conspired to undermine Advances Magazine's ability to profitably operate on Facebook. See, e.g., ECF 82 at 4 (alleging that defendants "hurt plaintiff's business intentionally, by repeatedly suspending [Advances Magazine's]

2

operations with defendant Facebook . . . by falsely alleging plaintiff Spammed"); ECF 82 at 7-8 (alleging that Advances Magazine's "pay-ins for advertising [on Facebook] were producing little or no impact and [were] priced far, far higher per 'click thru' than [those of] defendants CNN, PBS and NPR").

The District Court granted the defendants' Rule 12(b)(6) motions to dismiss the second amended complaint.[1] In the opinion accompanying its order of dismissal, the District Court carefully sorted through the largely meandering and loquacious second amended complaint, identified every claim that Shulman could conceivably be raising, and addressed each claim in commendably thorough fashion. Shulman appealed the order of dismissal.

We have jurisdiction under 28 U.S.C. § 1291.[2] Our review is plenary. See Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). Dismissal under Rule 12(b)(6) is proper if the pleading party fails to allege sufficient factual matter that, if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

---

[1] The District Court "denied" as "moot" Facebook's motion to transfer Shulman's case to California in the alternative to dismissal.

[2] After Shulman filed his Notice of Appeal, he filed with the District Court a motion to appeal in forma pauperis, which was granted. Facebook then filed a motion for reconsideration of the in forma pauperis ruling, and Shulman filed a 'cross-motion' to expand the record on appeal. In an order entered on February 5, 2019, the District Court denied Facebook's and Shulman's motions. Because neither party formally appealed the February 5, 2019 decision, we have no occasion (or jurisdiction) to address it.

A preliminary issue in this appeal is whether Shulman is permissibly litigating on behalf of Advances Magazine. Facebook argues that Advances Magazine, as a business entity, "cannot be represented on appeal by Mr. Shulman, a *pro se* litigant." Facebook Resp., Doc. 003113051922 at 2. Shulman, for his part, counters that because Advances Magazine is "an unincorporated Sole Proprietorship/ Personal Trade Name" with "no separate existence" from Shulman the flesh-and-blood man, he may proceed without an attorney (as he did in the District Court). Shulman Reply, Doc. 003113053613 at 1.

Under 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally." Corporations, by contrast, "may appear in federal courts only through licensed counsel," Simbraw v. United States, 367 F.2d 373 (3d Cir. 1966) (per curiam), and that rule "applies equally to all artificial entities," Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993). Here, Advances Magazine may be artificial, but it is not an "artificial entit[y]"; it is simply a trade name for Shulman's personal online activities. That is to say, Advances Magazine has no distinct legal existence, and no claims against the defendants here separate from those of Shulman personally. Cf. United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) (collecting cases holding that "[a] sole proprietorship may litigate pro se . . . because it has no legal identity separate from the proprietor himself"). We thus reject Facebook's arguments concerning Advances Magazine's standing, conclude that Shulman is not impermissibly representing a business entity, and move to the merits of the appeal.

4

Having considered the merits, we conclude that Shulman's arguments on appeal are unpersuasive and that there was no error below, for substantially the reasons given in the District Court's opinion supporting dismissal. Among the District Court's uniformly correct rulings, we highlight the following ones: (1) Shulman failed to adequately plead a claim under Section 2 of the Sherman Antitrust Act because he did not "identify any relevant market that Defendants are monopolizing," ECF 111 at 9; see Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306–07 (3d Cir. 2007) (explaining that liability under Section 2 requires, inter alia, "the possession of monopoly power in the relevant market") (citation omitted); (2) Shulman did not plead a cognizable claim under the Robinson-Patman Act because his "allegations relate to advertising space on Facebook" instead of a commodity, ECF 111 at 10; see Advo, Inc. v. Philadelphia Newspapers, Inc., 51 F.3d 1191, 1195 n.3 (3d Cir. 1995) ("Advo could not make a claim under the Robinson–Patman Act, since the Act applies only to commodities and not services like advertising."); and (3) Shulman failed to adequately plead a claim under the CAN-SPAM Act, as his second amended complaint lacked the required plausible allegations about misleading email communications, ECF 111 at 16; see 15 U.S.C. § 7704(a)(1); cf. Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1064 (9th Cir. 2016) ("The CAN–SPAM Act grants a private right of action for a 'provider of Internet access service adversely affected by a violation of section 7704(a)(1) of this title.'") (quoting 15 U.S.C. § 7706(g)(1)) (emphasis added).

Therefore, we will affirm the judgment of the District Court. Facebook's motion to file a supplemental appendix, along with Shulman's motion to quash Facebook's motion to file a supplemental appendix, are denied.