CLD-269                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3253
_____

IN RE:  KEITH T. DOUGHERTY,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 10-cv-01071)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 19, 2010

Before:  BARRY, FISHER and GREENAWAY, JR.,  Circuit Judges.

(Filed: September 10, 2010)
_____

OPINION
_____

PER CURIAM

Keith Dougherty, proceeding *pro se*, filed in the District Court a complaint under

42 U.S.C. § 1983.  After attempting to serve process on several defendants and receiving

no answer to his complaint, Dougherty filed three motions – all within eight days of each

other – requesting that the District Court enter a default judgment pursuant to Federal

Rule of Civil Procedure 55 against the defendants.  The first of these motions was deleted

from the docket as improperly filed.  Eight days after Dougherty filed his first Rule 55

motion, the District Court denied his requests, reasoning that Dougherty had not properly served the defendants. Dougherty unsuccessfully sought reconsideration and then filed a petition for writ of mandamus. He requests that we direct the District Court to enter a default judgment against the defendants and that we compel Judge Caldwell to recuse himself. Dougherty also filed a motion to supplement the record, to which he attached a copy of the District Court order denying his motion to reconsider his request for a default judgment. Liberally construing his *pro se* filings, we construe his inclusion of the order as a challenge to the order denying reconsideration.

Mandamus is an "extraordinary remedy" that we award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. In re: Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Mandamus lies only when there is no other remedy, Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and thus may not be used as a mere substitute for appeal. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 379 (3d Cir. 2005). To the extent that Dougherty challenges the District Court's determination that he did not properly serve the defendants, thus precluding a default judgment, mandamus is not appropriate for at least two reasons. First, he can raise the issue on appeal. Second, he cannot show that he has an indisputable right to entry of a default because it appears that the District Court's exposition of the pertinent law is correct. See Fed. R. Civ. P. 4; Pa. R. Civ. P. 400. To

2

the extent that his petition includes a challenge to the denial of his motion for reconsideration, mandamus is not appropriate for the same reasons.

We also decline to order Judge Caldwell's recusal.[1] "The test for recusal under [28 U.S.C.] § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re: Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). Dougherty argues that Judge Caldwell's denial of the default judgment motions and eight-day delay in ruling demonstrate the judge's bias and evince an attempt to sabotage Dougherty's case by wasting portions of the 120-day period during which he can properly serve the defendants. Adverse rulings, without more, are insufficient to warrant recusal under 28 U.S.C. § 455. See Liteky v. United States, 510 U.S. 540, 555 (1994). Although Dougherty contends that it took eight days for the District Court to rule on his motions for default, we note that Judge Caldwell's order was entered on the docket only two days after the second, properly-filed motion was submitted. Dougherty points to no authority suggesting that such a delay is indicative of judicial bias.

---

[1]Dougherty first sought Judge Caldwell's recusal in his mandamus petition. He then filed a recusal motion in the District Court. Dougherty attached a copy of the District Court order denying that motion to his motion to supplement. Although a mandamus petition may be used to challenge a district court's denial of a 28 U.S.C. § 455 recusal motion, see In re: Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004), Dougherty is not entitled to that remedy for the reasons discussed below.

3

The motion to supplement is granted, but for the foregoing reasons, we will deny Dougherty's petition.