**CLD-216**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-1040 & 13-1904
_____

IN RE:  KEITH T. DOUGHERTY,
                                                            Petitioner

_____

On Petitions for Writs of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. Nos. 1-13-cv-00447, 1-11-cv-01295 & 1-10-cv-01071)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 3, 2014

Before: FUENTES, JORDAN and SHWARTZ , Circuit Judges

(Opinion filed: April 7, 2014)
_____

OPINION
_____

PER CURIAM

       Keith T. Dougherty, a frequent and frequently vexatious litigator in this Court,

has filed petitions for writs of mandamus relying largely on arguments we already have

rejected in other cases.  We will deny the petitions.

       Three prior proceedings in this Court are relevant here.  First, in C.A. No. 10-

3253, Dougherty filed a mandamus petition seeking an order directing the District Court

in M.D. Pa. Civ. No. 10-cv-01071 to grant his motion for a default judgment under Rule

55 of the Federal Rules of Civil Procedure. We denied the petition, in part because Dougherty did not demonstrate a "clear and indisputable right" to that relief. In re Dougherty, 393 F. App'x 843, 844 (3d Cir. 2010) (quotation marks omitted). Second, in C.A. No. 11-2631, we summarily affirmed the District Court's subsequent dismissal of Dougherty's complaint. See Dougherty v. Snyder, 469 F. App'x 71, 73 (3d Cir. 2012). In doing so, we expressly rejected Dougherty's argument that he should be permitted to represent his company Docson Consulting LLC pro se in federal court. See id. at 72-73. Finally, in C.A. No. 11-3598, we dismissed for lack of jurisdiction under 28 U.S.C. § 1447(d) Dougherty's appeal from the District Court's order in M.D. Pa. Civ. No. 11-cv-01295 remanding to state court a collections action that Dougherty had removed. See Cluck-U Corp. v. Docson Consulting, LLC, C.A. No. 11-3598 (Order Dec. 14, 2011).

Dougherty's present mandamus petition at C.A. No. 13-1040 essentially seeks rehearing of these decisions. Dougherty previously filed actual motions for rehearing in each case, however, and in each case rehearing en banc has been denied. Dougherty cannot seek the same relief by asking this Court to issue a writ of mandamus to itself.[1] If Dougherty remains unhappy with our prior rulings, his sole recourse is to seek whatever relief may remain available to him in the United States Supreme Court. Dougherty is advised that, if he instead persists in challenging our rulings by filing additional

---

[1] Dougherty filed his mandamus petition before this Court denied rehearing in C.A. Nos. 11-2631 and 11-3598 but long after this Court denied rehearing in C.A. No. 10-3253. Dougherty has not framed his petition in these terms but, to the extent it might be read to seek a ruling on his motions for rehearing in the 2011 matters, it is now moot.

2

proceedings in this Court or by filing documents in these (or other) closed cases, he may be subject to sanctions, including an injunction against filing documents in this Court without this Court's prior leave.[2]

Dougherty's present mandamus petition at C.A. No. 13-1904, like his prior mandamus petition at C.A. No. 10-3253, seeks a writ of mandamus directing the District Court to grant his motion for a Rule 55 default judgment, this time in M.D. Pa. Civ. No. 13-cv-00447. The parties and subject matter in the two cases are different,[3] but the underlying issue is the same. In each case, Dougherty moved for a default judgment against all defendants, and in each case the District Court denied the motion because, inter alia, Dougherty had not properly served many of the defendants he asked the court to hold in default. Dougherty now argues that the District Court lacked "jurisdiction" to deny his motion for a default judgment. He relies primarily on Bowles v. Russell, 551 U.S. 205 (2007), but that decision has nothing to do with Rule 55 and it is well-settled both that district courts have the discretion to deny motions for default judgments and

---

[2] One of Dougherty's recurring arguments is that our Clerk "usurped her authority" by allegedly preventing him from representing Docson Consulting LLC pro se in C.A. No. 11-2631 and by allegedly making a jurisdictional determination in C.A. No. 11-3598. Those rulings were made by the Circuit Judges who decided those cases, not by the Clerk, and Dougherty's continued suggestions to the contrary are frivolous.

[3] M.D. Pa. Civ. No. 10-cv-01071 was a zoning dispute in which Dougherty accused a municipality, state-court judges and others of conspiring to deprive him of his constitutional rights. In M.D. Pa. Civ. No. 13-cv-00447, Dougherty filed suit against airplane manufacturers and flight schools and sought a declaration regarding pilot training procedures and an award of an $800,000 aircraft. As with many of Dougherty's filings, his complaints in these actions are largely unintelligible.

that we review such rulings only for abuse of that discretion. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Thus, as in C.A. No. 10-3253, Dougherty is not clearly and indisputably entitled to mandamus relief, and we will deny the mandamus petition at C.A. No. 13-1904 on that basis.

One final matter requires discussion. We denied Dougherty's mandamus petition at C.A. No. 10-3253 for the additional reason that mandamus is not a substitute for appeal and that Dougherty could raise his challenge on appeal from the District Court's final order. See Dougherty, 393 F. App'x at 844. The same would have been true in this case, and Dougherty filed an appeal at C.A. No. 13-3772 from the District Court's subsequent order dismissing his complaint. But Dougherty refused to pay the separate docketing and filing fees for that appeal, even after a Panel of this Court denied his motion for reconsideration of the Clerk's order requiring him to do so, and the Clerk ultimately dismissed the appeal for that reason. (Dougherty has filed a motion to reopen that appeal, which we are denying by separate order.)

Dougherty has since filed various motions in this proceeding seeking appellate review of the District Court's final order, but mandamus is not a substitute for appeal, much less a vehicle to circumvent the dismissal of an appeal. Because Dougherty's petition remained pending when the District Court entered its final order, however, we note for his benefit that, even if we were to construe his petition as a proper appeal from the District Court's subsequent final order, we would affirm the District Court's denial of his motion for a default judgment because the District Court acted well within its

4

discretion for the reasons it adequately explained.[4]

For these reasons, we will deny Dougherty's mandamus petitions. Dougherty's motion to consolidate all of his proceedings in this Court is granted to the extent that we have considered C.A. Nos. 13-1040 and 13-1904 together but is otherwise denied. Dougherty's motions to "add" various authorities to his filings are granted to the extent that we have considered the authorities cited and arguments contained therein. Dougherty's remaining motions are denied.[5]

---

[4] It was actually the Magistrate Judge who denied Dougherty's motion. (M.D. Pa. Civ. No. 13-cv-00447, ECF No. 34.) Dougherty filed a motion nominally seeking leave to appeal that ruling under 28 U.S.C. § 1292(b), which the District Court denied. Although the District Court addressed Dougherty's motion on the terms in which he framed it, it effectively reviewed the Magistrate Judge's pre-trial order under 28 U.S.C. § 636(b)(1)(A). Among other things, the District Court thoroughly reviewed the substance of the Magistrate Judge's ruling and concluded both that the ruling was "correct" and that Dougherty's arguments to the contrary were "baseless." (ECF No. 38.)

[5] Among those motions is a motion in C.A. No. 13-1904 to disqualify the Magistrate Judge for bias allegedly shown by the Magistrate Judge's rulings. To the extent that the motion might be deemed properly part of Dougherty's mandamus petition and to remain live following the District Court's final order, we deny the request largely for the reasons we denied Dougherty's similar request to disqualify the District Judge in C.A. No. 10-3253. See Dougherty, 393 F. App'x at 844-45. Even if we were to construe Dougherty's mandamus petition as an appeal from the District Court's subsequent final order, we would reject his arguments in that context for the same reasons.