**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4580
_____

IN RE:  KEITH DOUGHERTY,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. Nos. 1-14-cv-00922, 1-14-cv-00480 & 1-13-cv-00857)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 15, 2015

Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: January 22, 2015)
_____

OPINION[*]
_____

PER CURIAM

Keith Dougherty, who is a "frequent and frequently vexatious litigant in this

Court," In re Dougherty, 563 F. App'x 96, 97 (3d Cir. 2014), is or was a plaintiff in the

civil actions docketed at M.D. Pa. Civ. Nos. 1-14-cv-00922, 1-14-cv-00480 & 1-13-cv-

00857.  Presently before us is Dougherty's petition for a writ of mandamus seeking an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

order disqualifying the Honorable J. Frederick Motz from presiding over those civil actions. We will deny the petition.

Mandamus is an extraordinary remedy that we have the discretion to grant only when, inter alia, "there is no other adequate means to obtain the desired relief." In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quotation marks omitted). Dougherty argues that Judge Motz has displayed an appearance of partiality requiring his disqualification under 28 U.S.C. § 455(a). Even if Dougherty is correct—and we stress that we have no present reason to believe that he is and express no opinion on that issue[1]—mandamus is not warranted because he has other adequate means to seek relief.

In M.D. Pa. Civ. No. 1-14-cv-00922, Judge Motz dismissed Dougherty's complaint and later denied his motions for reconsideration and disqualification on September 30, 2014. Dougherty has filed a notice of appeal and his appeal is pending at C.A. No. 14-4378. Dougherty's arguments regarding Judge Motz may be addressed on appeal if properly raised, but "mandamus must not be used as a mere substitute for appeal." In re Kensington Int'l Ltd., 353 F.3d at 219 (quotation marks and alteration omitted); see also United States v. Ciavarella, 716 F.3d 705, 718-20 (3d Cir. 2013) (reviewing alleged appearance of partiality on appeal), cert. denied, 134 S. Ct. 1491

---

[1] We nevertheless note that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Dougherty's petition relies primarily on Judge Motz's rulings and characterizations in these and other proceedings.

(2014). Moreover, there are no outstanding motions in this civil action and the District Court has marked it closed.

Judge Motz has entered final orders disposing of the other two civil actions as well, and Dougherty's motions for reconsideration in those actions remain pending. Dougherty also has filed a motion for Judge Motz's disqualification that remains pending in M.D. Civ. No. 1-14-cv-00480.[2] He has not filed such a motion in M.D. Civ. No. 1-13-cv-00857. Thus, his mandamus petition as to these two civil actions is premature. "Mandamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a)." In re Kensington Int'l Ltd., 353 F.3d at 219 (emphasis added) (quotation marks omitted). When a District Judge has yet to refuse a request for recusal or a mandamus petitioner has yet to make one, it cannot be said that the petitioner has no recourse but to seek the extraordinary remedy of mandamus from this Court. See id. at 223-24.

For these reasons, we will deny the mandamus petition.

---

[2] Dougherty does not seek a writ of mandamus directing Judge Motz to rule on his pending motions but, to the extent that his petition might be read to do so, mandamus is not warranted. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). If the District Court denies reconsideration in Dougherty's pending civil actions and its rulings cross paths with this opinion, then the analysis applicable to M.D. Civ. No. 1-14-cv-00922 will apply to those civil actions as well.