**ELD-025**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1123
_____

KEITH DOUGHERTY, Assignee of Bill's Mechanical and
Welding (Fictitious name) Sole Proprietor Larry Runk II,

Appellant

v.

CARLISLE TRANSPORTATION PRODUCTS, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-13-cv-00857)
District Judge:  Honorable J. Frederick Motz

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2015

Before: RENDELL, SLOVITER and GREENBERG, Circuit Judges

(Opinion filed: May 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Keith Dougherty appeals pro se from the District Court's order denying

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reconsideration of its entry of summary judgment in favor of Carlisle Transportation Products, Inc. ("Carlisle Transportation").  We will affirm.

I.

We previously found it necessary to characterize Dougherty as a "frequent and frequently vexatious litigator."  In re Dougherty, 563 F. App'x 96, 97 (3d Cir. 2014) (per curiam), cert. denied, 135 S. Ct. 409 (2014) & 135 S. Ct. 426 (2014).  Dougherty is not a licensed attorney, and much of his previous litigation has involved his attempts to represent his business entities pro se in federal court.  See, e.g., Dougherty v. Snyder, 469 F. App'x 71, 72-73 (3d Cir. 2012) (per curiam).  Dougherty also sometimes attempts to represent the interests and assert the claims of other individuals.

Larry Runk II is one such individual.  In this case, Dougherty asserts that Runk assigned to him a claim for $254,563.30 that Carlisle Transportation allegedly owes Runk's company Bill's Mechanical and Welding for unpaid repair work.  Dougherty filed suit against Carlisle Transportation seeking to recover the alleged debt as well as treble damages for Carlisle Transportation's alleged fraud.[1]  Carlisle Transportation ultimately filed a motion for summary judgment raising, inter alia, the defense that the purported

---

[1] Dougherty filed suit under his own name and in the name of Keith Dougherty Investments & Consulting LLC.  By order entered March 21, 2014, the District Court dismissed all claims by the LLC because Dougherty alleged that he personally was the assignee of Runk's claims.  Dougherty has not purported to appeal pro se on behalf of his LLC and has not otherwise challenged that ruling.  Unlike in the appeal at C.A. No. 15-1271, which we address in a separate opinion, Runk himself was not a plaintiff in the District Court and is not an appellant on appeal.

2

assignment is invalid as champertous under Pennsylvania law. The District Court agreed and entered judgment in favor of Carlisle Transportation for that reason. The District Court later denied Dougherty's motion for reconsideration, and Dougherty appeals from that ruling.[2]

II.

The District Court did not explain in detail its conclusion that the purported assignment of Runk's claim to Dougherty is champertous but, having conducted our plenary review, we agree. Under Pennsylvania law, which no one disputes governs the assignment, "an arrangement offends public policy against champerty and is illegal if it provides for the institution of litigation by and at the expense of a person who, but for that agreement, has no interest in it, with the understanding that his reward is to be a share of whatever proceeds the litigation may yield." Kenrich Corp. v. Miller, 377 F.2d 312, 314 (3d Cir. 1967) (applying Pennsylvania law in diversity and citing, inter alia, Richette v. Solomon, 187 A.2d 910 (Pa. 1963)). "A plaintiff who sues on what would be

_____

[2] The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. Our review of the entry of summary judgment is plenary. See Rosano v. Twp. of Teaneck, 754 F.3d 177, 184 (3d Cir. 2014). Dougherty also challenges the District Court's text-only denials of reconsideration and a post-judgment motion for a preliminary injunction, which was in the nature of a motion for reconsideration as well. We review de novo the District Court's legal conclusions and review its ultimate decision to grant or deny reconsideration for abuse of discretion. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013). We perceive no abuse of discretion for the reasons explained herein. Dougherty referred in his motion for a preliminary injunction to a Chapter 13 bankruptcy proceeding but sought no specific relief in that regard. We note that Dougherty's most recent bankruptcy proceeding (M.D. Pa. Bankr. No. 1-14-bk-04781) was dismissed on December 30, 2014.

another's claim except for such a champertous agreement will not be permitted to maintain an action." Id.

Though rarely invoked in recent times, "the common law doctrine of champerty remains a viable defense in Pennsylvania" and, "[u]nder Pennsylvania law, if an assignment is champertous, it is invalid." Frank v. TeWinkle, 45 A.3d 434, 438 (Pa. Super. Ct. 2012). "An assignment is champertous when the party involved: (1) has no legitimate interest in the suit, but for the agreement; (2) expends his own money in prosecuting the suit; and (3) is entitled by the bargain to share in the proceeds of the suit." Id. at 438-39.

Dougherty's agreement with Runk is contained in the record (ECF No. 93-5), and it satisfies each of these elements. First, Dougherty alleges that he purchased Runk's claim in order to litigate it, and there is no indication that Dougherty has any personal interest in the dispute between Runk and Carlisle Transportation or has any dispute with Carlisle Transportation of his own. Second, "[a]ppellant is using his own money to finance the suit[], as he is the pro se plaintiff and is therefore responsible for filing fees and other associated costs." Frank, 45 A.3d at 439. The agreement provides that "Keith Dougherty will be responsible for any prepayment of fees as required" (ECF No. 93-5 at 1), and Dougherty paid the docketing and filing fees in the District Court. Finally, the agreement provides that Dougherty is entitled to "the sum of 1/3 of the sums Collected." (Id.) Thus, the assignment of this claim to Dougherty was champertous and Dougherty is not permitted to litigate it.

4

Dougherty argues that he may do so under Sprint Communications Co. v. APCC Services, Inc., 554 U.S. 269 (2008). In that case, the Court held that "an assignee of a legal claim for money owed has [Article III] standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor." Id. at 271. The assignments at issue in that case were not champertous or otherwise invalid, however, and the Court addressed only Article III standing to assert a validly assigned claim, not the effect of a champertous agreement on the validity of an assignment. For similar reasons, the Pennsylvania Superior Court has concluded that Sprint Communications does not affect Pennsylvania's doctrine of champerty and that champerty "remains a valid defense in Pennsylvania." Frank, 45 A.3d at 440. We predict that the Pennsylvania Supreme Court would agree. Dougherty certainly has standing to assert the validity of Runk's assignment but, once the assignment is deemed invalid, Dougherty does not have standing to assert the underlying claim. See Kenrich Corp., 377 F.2d at 314.[3]

One final matter requires discussion. Dougherty has filed a motion requesting that

---

[3] Dougherty's complaint in the related appeal at C.A. No. 14-4378, which we address in a separate opinion, suggests that Pennsylvania state courts already have rejected his assertion of claims purportedly assigned by Runk. In that case, Dougherty alleged that state-court judges have refused to permit him to litigate other claims that Runk purportedly assigned to him under the same agreement (including the claim against Erie Insurance Exchange at issue in C.A. No. 15-1271), and he sought an injunction requiring the state courts to recognize the validity of those purported assignments. We do not address whether these apparent judgments have preclusive effect in this proceeding, however, because Carlisle Transportation has not raised the issue and the record on appeal does not permit its resolution.

5

(1) this appeal and No. 15-1271 be assigned to different panels and (2) the Court either reveal the composition of those panels in advance or transfer these appeals to the United States Court of Appeals for the District of Columbia. Dougherty cites 28 U.S.C. §§ 46(b) and 2077, but those statutes are plainly inapposite to his requests and there is otherwise no basis for them.[4] Of less concern to us than the substance of this motion, however, is its tone. The motion is rife with vituperative attacks on the integrity of this Court and, more disturbingly, apparent threats of lethal violence if this Court denies his requests. We will not dignify Dougherty's specific comments by repeating them here. We previously cautioned Dougherty that we might consider imposing sanctions if he persists in filing documents in closed cases. See In re Dougherty, 563 F. App'x at 98. We now caution him that future threatening and abusive filings of this nature may subject him to sanctions as well. Such sanctions may include a substantial monetary penalty.

III.

For these reasons, we will affirm the judgment of the District Court. In doing so, we hold only that the purported assignment at issue here is invalid for purposes of Dougherty's ability to assert Runk's claim in court, and we express no opinion on the validity of the assignment for other purposes or on any rights or obligations of Dougherty and Runk as between themselves. Dougherty's motions pending in this Court are denied.

---

[4] For Dougherty's benefit, we note that we are considering the appeals together for purposes of efficiency given their related background and overlapping issues.

6