**ELD-026**          **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 15-1271
_____

KEITH DOUGHERTY; KEITH DOUGHERTY INVESTMENTS &
CONSULTING LLC (SMLLC) ASSIGNEE OF BILL'S MECHANICAL AND
WELDING, (Fictitious Name) SOLE PROPRIETOR LARRY RUNK, II

v.

ERIE INSURANCE EXCHANGE, also known as Erie Insurance;
GREG GARRITY, Erie Agent; JIM BURKHOLDER;
ROBERT SIMMONDS, Erie Investigator;
NICOLE R. GEHRET, Erie Sr. Liability Adjuster;
R. G. SMITH, Cumberland County Insurance Fraud Investigator;
CUMBERLAND INSURANCE FRAUD UNIT

          Keith Dougherty;
          Larry Runk, II,
                   Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-14-cv-00480)
District Judge: Honorable J. Frederick Motz

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2015

Before: RENDELL, SLOVITER and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 22, 2015)

_____

O P I N I O N\*

_____

PER CURIAM

Keith Dougherty and Larry Runk II appeal from the order of the District Court denying reconsideration of its dismissal of their complaint. We will affirm.

I.

In Dougherty's appeal at C.A. No. 15-1123, we separately address his attempt to assert a claim that Runk purportedly assigned to him. This appeal concerns one of Dougherty's attempts to represent Runk's interests more directly. In this case, Dougherty and Runk filed suit pro se under 42 U.S.C. § 1983 and later filed an amended complaint (which, like all their other joint filings, appears to have been prepared by Dougherty). The amended complaint is premised on a dispute between Runk and Erie Insurance Exchange ("Erie Insurance") regarding insurance claims that Runk submitted following an automobile accident and on an apparently related Pennsylvania criminal proceeding in which Runk is being prosecuted for insurance fraud.[1]

Plaintiffs named as defendants Erie Insurance, certain of its employees, the Cumberland County, Pennsylvania, District Attorney Insurance Fraud Unit, and one of its

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Runk has been charged with insurance fraud, theft by deception and other offenses in the Pennsylvania Court of Common Pleas for Cumberland County at No. CP-21-CR-0001189-2014. Those charges remain pending.

investigators. (Plaintiffs' filings in this Court also purport to identify as defendants the Cumberland County Chief Deputy District Attorney and two state-court judges, but they were not parties to this proceeding in the District Court.) The amended complaint is not a model of clarity, but plaintiffs appear to allege that Erie Insurance conspired with Cumberland County investigators to bring unfounded charges against Runk in order to coerce him into accepting an undervalued settlement of his claims and that the Insurance Fraud Unit has denied him due process by conducting an inadequate investigation and by pressuring him to plead guilty to a "legally impossible" crime. The amended complaint requests $5 million in damages and injunctive relief, apparently against Runk's continued prosecution.

As for Dougherty's alleged interest in this dispute, the amended complaint alleges that Dougherty and Runk "have engaged in long term business dealings" and that Runk "has been forced to seek Keith Dougherty's assistance in protecting his/their mutual rights in the Courts of PA" because Runk has been mistreated by lawyers in the past. (ECF No. 5 at 8-9 ¶¶ 8, 9.) The amended complaint further alleges that Dougherty has "purchased" Runk's claim against Erie Insurance (id. at 13 ¶ 20), and it attaches the same agreement between Dougherty and Runk that we address in C.A. No. 15-1123 (ECF No. 5-1 at 58-60).

Several defendants moved to dismiss the amended complaint on the grounds, inter alia, that it fails to state a claim and that the purported assignment of Runk's claim against Erie Insurance to Dougherty is champertous. The District Court dismissed the amended complaint with prejudice for failure to state a claim, and then later denied by

3

text-only orders plaintiffs' several post-judgment motions, including their motions for reconsideration and to disqualify the District Judge. Both Dougherty and Runk appeal from those rulings.[2]

## II.

In dismissing the amended complaint, the District Court focused on Dougherty and noted that Runk's purported assignment of his claim to Dougherty appears to be champertous. That assignment is indeed champertous for the reasons we explain in C.A. No. 15-1123, so Dougherty is not permitted to litigate any claims that Runk may have against Erie Insurance. Dougherty also does not have standing to challenge Runk's alleged denial of due process in his ongoing criminal proceeding. We will affirm the dismissal of the amended complaint as to Dougherty for these reasons.

As for Runk, the District Court did not identify his potential claims but, having done so ourselves, we agree that the amended complaint does not set forth a plausible claim for relief.[3] Plaintiffs already have amended their complaint once and nothing

---

[2] We have jurisdiction under 28 U.S.C. § 1291. Plaintiffs' appeal from the order denying reconsideration brings up for review the underlying order dismissing the amended complaint. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012). We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6) and ask whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (quotation marks omitted). In doing so, we may review certain documents attached to the complaint. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). To the extent that plaintiffs' filings can be read to challenge the District Judge's denial of their post-judgment motion for disqualification, we review that ruling for abuse of discretion and discern none here. See United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013), cert. denied, 134 S. Ct. 1491 (2014).

[3] Plaintiffs' allegations are largely conclusory and inadequate on their face but, even if properly supported, they still would fail to state a claim as a matter of law. Runk's only

4

contained in their amended complaint or their filings on appeal suggests that Runk could further amend the complaint to assert a plausible claim. Thus, we will affirm the dismissal of the amended complaint as to Runk for failure to state a claim.

We close by noting one concern. The style and content of plaintiffs' joint filings suggest that they were prepared by Dougherty. Although Runk apparently has adopted them as his own by signing them, it appears that Dougherty may be engaging in the unauthorized practice of law.[4] Thus, it may be that Dougherty's apparent advice has led Runk astray and jeopardized whatever claims Runk may legitimately have against Erie

conceivable federal claim against Erie Insurance would appear to be that it conspired with the Insurance Fraud Unit to maliciously prosecute him without probable cause in violation of his Fourth Amendment rights. See Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). One of the elements of such a claim is the termination of the proceeding in the accused's favor, see id., and Runk has not alleged and cannot allege that here. Runk's claims for damages against the Insurance Fraud Unit fails for the same reason. Finally, as for Runk's apparent request for an injunction against his prosecution, federal courts "must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution" absent exceptional circumstances not alleged here. Kugler v. Helfant, 421 U.S. 117, 123 (1975) (discussing Younger v. Harris, 401 U.S. 37 (1971)).

[4] Both the Erie Insurance defendants and the District Court raised this concern, and we share it. The agreement between Dougherty and Runk states that Dougherty will provide Runk with "recommendations and representation in the efforts to collect bad debt" with the "specific intent" of instituting legal proceedings (ECF No. 5-1 at 58), and the amended complaint alleges that Dougherty is assisting Runk "in protecting his/their mutual rights in the Courts of PA" (ECF No. 5 at 8-9 ¶ 9). In addition, plaintiffs have attached to their motion for a preliminary injunction in this Court the transcript of an August 28, 2014 hearing in Runk's criminal proceeding. At the hearing, the Cumberland County Chief Deputy District Attorney informed the trial court that Dougherty (who was present in the courtroom) had been "injecting himself in this case in filing motions" and that "I am going to tell you right now, he is under investigation for unauthorized practice of law. Mr. Runk is seriously in jeopardy from his advice." (Mot. for Preliminary Injunction, "Transcript" at 5-6.) We express no opinion on whether Dougherty in fact has engaged in the unauthorized practice of law.

Insurance (an issue on which we express no opinion).  The District Court noted Dougherty's apparent unauthorized practice of law but did not take any measures to protect Runk's potential rights.  We see no need to do so now because Runk has long been on notice of these concerns and has filed nothing personally in either the District Court or this one disavowing Dougherty's filings or attempting to assert anything other than the claims contained therein.  If Runk believes that he has legitimate claims to assert in the future, he would be well advised to assert them without Dougherty's assistance.  See Dougherty v. Snyder, 469 F. App'x 71, 73 (3d Cir. 2012) (per curiam) (noting that Dougherty's legal arguments "serve only to demonstrate the wisdom" of the requirement that business entities be represented by counsel in federal court).

III.

For these reasons, we will affirm the judgment of the District Court.  Appellants' motions pending in this Court are denied.[5]

---

[5] We have reviewed the arguments contained in appellants' various filings, including their arguments that the assignment of Dougherty's prior appeals to certain panels of this Court was the product of a "political conspiracy" to deny his claims, and conclude that they lack merit for reasons that do not require discussion.