DLD-287                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1759
_____

KEITH DOUGHERTY,
                              Appellant

v.

ADVANCED WINGS LLP; STRATUS AVIATION LLC,
(General Partner); REGIS DE RAMEL, (Single Member); MILES
MUNZ, (Co-Founder); REED MECONVILLE, CFI (1); ROBERT
SMITH, CFI (2); ADVANCED WINGS LLP FLIGHT SCHOOL;
CIRRUS AIRCRAFT MANUFACTURER; ROBERT FOWLER,
CFI; CHUCK PURCELL, CFI; STEVE HUTCHINS, CFI; ATLANTIC
AIRWAYS LLC; THE FAA; FSDO FAA PHILADELPHIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-13-cv-00447)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: August 7, 2015)

_____

OPINION*
_____

PER CURIAM

When we last addressed this civil action, we found it necessary to observe that appellant Keith Dougherty is "a frequent and frequently vexatious litigator." In re Dougherty, 563 F. App'x 96, 97 (3d Cir.), cert. denied, 135 S. Ct. 426 (2014). The filings resulting in the present appeal provide a further illustration.

Dougherty filed this civil action against, inter alia, various flight schools, airplane manufacturers and the Federal Aviation Administration ("FAA") seeking various forms of relief, including the award of an $800,000 aircraft from one of the defendant manufacturers. The District Court dismissed Dougherty's claims in a series of orders and ultimately denied his motion for reconsideration. Dougherty appealed that ruling at C.A. No. 13-3772, but he refused to either pay the filing and docketing fees for that appeal or to reveal financial information in support of a motion for leave to proceed in forma pauperis ("IFP"). Our Clerk dismissed the appeal for that reason, and a Panel of this Court denied Dougherty's motions seeking relief from that dismissal.

Dougherty also sought to challenge the District Court's rulings by filing the mandamus petition at C.A. No. 13-1904 that we addressed in Dougherty, 563 F. App'x 96. He argued (among other things) that the District Court lacked "jurisdiction" to deny

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

his motion for a default judgment against the defendants, and we squarely rejected that argument.  See id. at 98.

Dougherty later filed the motion in the District Court at issue here, which he captioned as "Plaintiff's 60(b)(6), Motion 455(a) and Mandamus for under Liljeberg v. Health Services Acquisition Corp Disqualification."  (ECF No. 98.)  In the motion, Dougherty sought both to reopen this action under Fed. R. Civ. P. 60(b)(6) and to disqualify the District Judge under 28 U.S.C. § 455(a).  The District Court denied the motion by order entered February 23, 2015.  Dougherty appeals IFP.  He also has filed a series of motions in this Court, and certain appellees have filed a motion to dismiss this appeal.  We will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and deny the parties' motions.[1]

Dougherty's motion stated no conceivable basis for reopening under Rule 60(b)(6).  He did not even acknowledge the reasons for most of the District Court's underlying rulings, let alone set forth anything that might constitute "extraordinary circumstances" warranting relief from those rulings.  Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (quotation marks omitted), cert. denied, 135 S. Ct. 1548 (2015).  To the contrary, his motion in the District Court and his motions in this one are based largely on

---

[1] Appellees argue that we lack jurisdiction because Dougherty's notice of appeal is untimely as to the District Court's underlying rulings, but we have jurisdiction under 28 U.S.C. § 1291 to review the denial of a Rule 60(b) motion and we do so for abuse of discretion.  See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).  Appellees also raise arguments that might warrant summary action if we were to reach that question, but we decline to do so because this appeal is subject to dismissal as frivolous.

arguments that both we and the District Court already have rejected, such as his argument that the District Court lacked "jurisdiction" to deny a default judgment. Moreover, Dougherty showed no conceivable basis for disqualification of the District Judge in this closed proceeding. Both we and several District Courts repeatedly have advised Dougherty that mere disagreement with a judge's legal rulings is not a ground for that judge's disqualification, see Liteky v. United States, 510 U.S. 540, 555 (1994), and Dougherty has alleged nothing more than that here.[2]

For these reasons, we will dismiss this appeal as frivolous pursuant to § 1915(e)(2)(B)(i). The parties' motions in this Court are denied.

---

[2] Dougherty's reliance on Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), is misplaced. That case involved a judge whose disqualification was required because he was the trustee of an entity that had an interest in the litigation. See id. at 850. Dougherty makes no similar allegation regarding the District Judge in this case.