**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————

No. 15-2902
——————

KEITH DOUGHERTY, Assignee of Bill's Mechanical and
Welding (Fictitious name) Sole Proprietor Larry Runk II

v.

CARLISLE TRANSPORTATION PRODUCTS, INC.

Keith Dougherty; *Larry Runk, II,
                                        Appellants

(*Pursuant to Fed. R. App. P. 12(a))
————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-13-cv-00857)
District Judge:  Honorable J. Frederick Motz
————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2015
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: November 19, 2015)
——————

OPINION[*]
——————

PER CURIAM

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Keith Dougherty and Larry Runk, II appeal pro se from the District Court's order denying their motion for relief under Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure. We will affirm.

Dougherty is a frequent litigant before this Court. Although he is not a licensed attorney, he sometimes attempts to represent and assert claims belonging to entities and other individuals, including Runk. See, e.g., Dougherty v. Erie Ins. Exch., 612 F. App'x 639, 642 (3d Cir. 2015); Dougherty v. Carlisle Transp. Prods., Inc., 610 F. App'x 91, 92 (3d Cir. 2015). In this case, Dougherty filed suit seeking payment of a debt that Carlisle Transportation Products, Inc., allegedly owes to a company of which Runk is the sole proprietor. Dougherty asserted that Runk assigned the claim to him. The District Court concluded that the assignment was invalid as champertous under Pennsylvania law and entered summary judgment in Carlisle Transportation's favor. We affirmed. See Dougherty, 610 F. App'x at 93-94.

The day after our ruling, Dougherty and Runk (who was not previously a party) filed a motion with the District Court seeking to set aside its judgment under Rules 60(b)(4) and 60(b)(6). They argued that the District Court's previous ruling was erroneous and sought to amend the complaint in order to add Runk as a plaintiff. The District Court denied the motion without comment, and Dougherty and Runk appeal.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's denial of relief under Rule 60(b)(4) but review the denial of relief under Rule 60(b)(6) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008). Runk signed the Rule 60(b) motion and has signed certain

We will affirm.  Dougherty essentially argues that the District Court's judgment is "void" for purposes of Rule 60(b)(4) because it is incorrect.  We already have affirmed that judgment, however, and we denied Dougherty's motion for rehearing en banc.  Dougherty did not seek certiorari, and "a Rule 60(b) motion may not be used as a substitute for appeal[.]"  Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).  Dougherty's continuing disagreement with the District Court's ruling does not render it "void."

Dougherty also has not shown the "extraordinary circumstances" required for relief under Rule 60(b)(6).  Budget Blinds, 536 F.3d at 255.  Dougherty has not alleged any reason, extraordinary or otherwise, why Runk could not have sought to join in the suit earlier than he did.  And even if Dougherty could establish some such reason, Runk's absence from the suit had no bearing on the District Court's ruling or on ours.  Runk's purported assignment of his claims to Dougherty remains invalid as champertous regardless of whether Runk himself is a party to the suit.  Naming Runk as a plaintiff thus would not give Dougherty standing to assert Runk's claims.  Runk himself certainly remains free to assert whatever claims he may have on his own behalf, but he has shown no extraordinary reason for doing so in this closed case.

For these reasons, we will affirm the judgment of the District Court.  Appellants' motions are denied.

---

filings on appeal, but "[t]he style and content of [these] joint filings suggest that they were prepared by Dougherty."  Dougherty, 612 F. App'x at 642.  We thus refer primarily to Dougherty.